## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SYLVIA MALDONADO | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | Case No._____ |
| | § | |
| AEP TEXAS, INC. D/B/A AEP TEXAS, | § | |
| AEP AND AEP ENERGY, & SAMUEL | § | |
| PALACIOS A/K/A SAMMY PALACIOS | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant AEP TEXAS INC. ("AEP Texas"), by and through its attorneys, files this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441, and 1446, and in support thereof states as follows:

### I. BACKGROUND

1.      On May 27, 2022, Plaintiff Sylvia Maldonado filed her Original Petition in the 79th Judicial District Court of Brooks County, Texas against Defendants AEP Texas Inc. (improperly listing alleged D/B/As "AEP Texas," "AEP," and "AEP Energy") and Samuel Palacios under cause number 22-05-18725 CV; *Sylvia Maldonado v. AEP Texas, Inc. D/B/A AEP Texas, AEP and AEP Energy*

& *Samuel Palacios A/K/A Sammy Palacio;* In the 79th Judicial District Court of Brooks County, Texas.

2.      The Original Petition arises out of an alleged slip and fall by the Plaintiff which occurred at the AEP Texas local office in Falfurrias, Texas on May 29, 2020.

3.      AEP Texas was served with summons and the Original Petition on June 16, 2022.  AEP Texas filed its Original Answer on July 11, 2022.

4.      This Notice of Removal is timely filed pursuant to 28 U.S.C. §1441(a), which provides any civil action brought in the state court of which the District Courts of the United States have jurisdiction may be removed by a defendant.

## II. BASIS OF REMOVAL – DIVERSITY JURISDICTION

5.      The United States District Court for the Southern District of Texas has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between the citizens of different states.

6.      The Plaintiff's petition states that Sylvia Maldonado is a resident of Texas.

7.      Defendant AEP Texas is a Delaware corporation with its principal place of business located in Columbus, Ohio.

8.      Samuel Palacios is an individual who resides in Brooks County, Texas and is an employee of AEP Texas.

9.      Removal of this action is proper and timely pursuant to 28 U.S.C. §1441 and 28 U.S.C §1446 because the properly joined parties are diverse.  Defendant Samuel Palacios has been improperly joined and should be disregarded in determining whether diversity of citizenship exists.  See *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir. 2004)(en banc).  There is no reasonable basis for the Court to predict that the Plaintiff might recover against said defendant.

10.      Improper joinder is established by the "inability of the plaintiff to establish a cause of action against the non-diverse party in a state court." *Id.*  A party is improperly joined when "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*  In addressing this issue, a defendant must only demonstrate that there is *no reasonable* basis for predicting that the plaintiff will recover in state court, not that there is an absence of *any possibility* of recovery. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003)(quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Company*, 313 F.3d 305, 312 (5th Cir. 2002)).  "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts

involved, then there is no [improper] joinder." *Great Plains Trust,* 313 F.3d at 312. "This possibility, however, must be reasonable, not merely theoretical." *Id.* Further, though factual controversies are resolved in favor of the nonmoving party, in the absence of proof, courts do not "assume that the nonmoving party could or would prove the necessary facts." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000).

11.     A defendant generally establishes improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573.   Here, AEP Texas focuses on the second basis for improper joinder, which focuses on whether the Plaintiff has asserted a valid state law cause of action against the non-diverse defendant. *Id.*  In determining whether there is a reasonable basis to predict that the plaintiff  might recover against a non-diverse defendant under state law, a court conducts "a Rule 12(b)(6)-type analysis." *Id.*

12.     Plaintiff has joined Mr. Palacios solely to defeat diversity jurisdiction. This can be determined by examining the Plaintiff's allegations to determine whether her pleadings state a claim under state law against him.  The sufficiency of a plaintiff's state-court petition for purposes of a removal and improper joinder analysis is measured under federal court pleadings standards. *International Energy*

*Ventures Mgmt., LLC v. United Energy Group, Ltd.,* 818 F.3d 193, 208 (5th Cir. 2016); *Aguilar v. Asbury Automotive Group, Inc.*, No. H-16-467, 2016 WL 3387176 *2 (S. D. Tex June 20, 2016). Under the federal pleading standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal,* 556 U.S. at 678-79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679.

13.     "That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. The

plaintiff may not rely solely on the allegations in his complaint; the court may consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonably possibility of recovery in state court. *Great Plains Trust*, 313 F.3d at 648-49. In this case, the Plaintiff has omitted discrete facts in her pleadings that would determine the propriety of joinder, specifically that defendant Samuel Palacios was an employee of defendant AEP Texas at the time of the incident at issue in this case. *See* Declaration of Samuel Palacios attached hereto. Therefore, AEP respectfully requests that this Court exercise its discretion, piercing the Plaintiff's pleadings and conduct a summary inquiry to acknowledge the employment status of Mr. Palacios.

14.     A review of the Plaintiff's original petition in this matter establishes that every allegation of negligence and premises liability against Palacios is the same as those against his employer, AEP Texas.

15.     Under Texas law "liability cannot be imposed on employees where the employer and the employees committed the identical negligent acts or omissions." *Harrison v. Darnas, Inc.*, No. 4:17-CV-00931, 2017 WL 3480471 *3 (S. D. Tex. Aug. 14, 2017); *In re Butt,* 495 S.W.3d 455, 467 (Tex. App.-Corpus Christi, 2016, orig. proceeding)(citing *Tri v. J.T.T.,* 162 S.W.3d 552, 563 (Tex. 2005); *Narvaiz v. Wal-Mart Stores Texas, LLC,* No. 2:13-CV-195, 2013 WL 4677811 *2 (S. D. Tex. Aug. 30. 2013); *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996)). Such

preclusion of liability extends to allegations of premises liability as well as ordinary negligence. *Kutchinski v. Costco Wholesale Corp.,* No. 4:22-CV-00083, 2022 U.S. Dist. LEXIS 98445* 6-8 (S.D. Tex. June 1, 2022); *Starks v. Marcano,* No. H-20-3642, 2020 U.S. Dist. LEXIS 260028 *4-7 (S. D. Tex. Dec. 21, 2020); *Oliver v. Life Time Fitness,* No. H-20-2191, 2020 U.S. Dist. LEXIS 258316 *4 (S.D. Tex. Sept. 29, 2020).

16.   Furthermore, in the absence of a duty, there can be no negligence liability. *Gonzalez v. VATR Constr. LLC,* 418 S.W.3d 777, 784 (Tex. App.-Dallas 2013, no pet.). Whether Palacios owed a duty to the Plaintiff is a question of law for the court. *Id.* Plaintiff has plead no facts establishing that Palacios owed her an independent duty of care, only that the AEP Texas premises was "managed and controlled" by Palacios.

17.   As a result, the plaintiff cannot show that there is a possibility of recovery against Palacios, a finding of improper joinder is warranted, and Palacios' citizenship should be disregarded in considering diversity. *Kutchinski,* 2022 U.S. Dist. LEXUS 98445 at *11; *Harrison,* 2017 WL 3480471 at *3; *Mitchell v. Family Dollar Stores of Texas, LLC*, No. H-17-2831, 2017 WL 5749589 *2 (S. D. Tex. Nov. 28, 2017).

## III. AMOUNT IN CONTROVERSY AND VENUE

18.     The Plaintiff's original petition seeks monetary relief over $250,000 dollars.  (Plaintiff's Original Petition, page 1).

19.     Venue for this removal is proper under 28 U.S.C. §1441(b) because this Court is in the United States District Court for the district and division corresponding to Brooks County, Texas, the place where the State Court action is pending.

## IV. PAPERS FROM THE REMOVED ACTION

20.     Pursuant to local Rule 81, the following documents are attached to this Notice of Removal:

Exhibit 1:    All executed process in the case;

Exhibit 2:    Pleadings asserting causes of action and all answers to such pleadings;

Exhibit 3:    The docket sheet;

Exhibit 4:    An index of matters being filed; and

Exhibit 5:    A list of all counsel of record, including addresses, telephone numbers, and parties represented.

21.     AEP Texas Inc. has served the Plaintiff with a copy of this Notice of Removal and forwarded it for filing with the Clerk of the District Court of Brooks County, Texas, Cause No. 22-05-18725-CV; *Sylvia Maldonado v. AEP Texas Inc. d/b/a AEP Texas, AEP and AEP Energy, & Samuel Palacios a/k/a Sammy Palacios;*

in the 79th District Court of Brooks County, Texas, in accordance with 28 U.S.C. §1446(d).

## V.  CONCLUSION

22.    In accordance with 28 U.S.C §1441, AEP Texas may properly remove this state court action to this Court because: (1) it is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, Corpus Christi Division; (2) the parties are from different states; and (3) exclusive of interest and costs, the amount in controversy exceeds $75,000.00

Respectfully submitted,

SCHAUER & SIMANK, P.C.
615 N. Upper Broadway, Suite 700
Corpus Christi, Texas 78401-0781
Ph    :  361.884.2800
Fax   :  361.884.2822
dschauer@cctxlaw.com

By: */s/ G. Don Schauer*
        G. Don Schauer
        Federal Id No. 7641

**ATTORNEYS FOR
DEFENDANTS AEP TEXAS
INC. AND SAMUEL PALACIOS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following counsel of record on this the 15<u>th</u> day of July, 2022:

***<u>VIA E-FILE AND EMAIL:</u>***
Jose E. Barrera
JOSE E. BARRERA, PC
1225 Agnes St., Suite B-8
Corpus Christi, Texas 78401
josebarrera@jbarreralaw.com

*/s/G. Don Schauer*
G. Don Schauer

CAUSE NO. 22-05-18725 CV

| | | |
|---|---|---|
| SYLVIA MALDONADO | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | 79TH JUDICIAL DISTRICT |
| AEP TEXAS INC. D/B/A AEP TEXAS, | § | |
| AEP AND AEP ENERGY, & | § | |
| SAMUEL PALACIOS A/K/A SAMMY | § | |
| PALACIOS | § | BROOKS COUNTY, TEXAS |

### DECLARATION OF SAMUEL PALACIOS

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF BROOKS | § |

1.      My name is Samuel Palacios, I am over twenty-one (21) years of age, of sound mind, and capable of making this Declaration. I have personal knowledge of the facts herein. Such facts are true and correct.

2.      I am employed by AEP Texas Inc. as a Service Supervisor in Falfurrias, Texas, and was in that position on May 29, 2020. I work out of the Falfurrias office where Plaintiff alleges she was injured. AEP Texas Inc. or its predecessors in interest have owned the building in question for many years. It is located at the intersection of US 281 and FM 1418 in Falfurrias. I am not a manager of the facility nor do I control it.

3.      Plaintiff claims she was injured within the referenced building pursuant to her duties as a custodian of the building.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Brooks County, State of Texas on the ___6th___ day of July, 2022.

Samuel Palacios

1