# EXHIBIT 2

Electronically Filed
5/27/2022 12:44 PM
Lesvia Gonzales, District Clerk
Brooks County, Texas
Reviewed By: Lesvia Gonzales

CAUSE NO. 22-05-18725 CV _____

| | | |
|---|---|---|
| SYLVIA MALDONADO | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs | § | \_\_\_ JUDICIAL DISTRICT |
| | § | |
| AEP TEXAS, INC. D/B/A AEP TEXAS, | § | |
| AEP AND AEP ENERGY, & SAMUEL | § | |
| PALACIOS A/K/A SAMMY PALACIOS | § | |
| | § | |
| Defendants | § | BROOKS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE:**

COMES NOW, Sylvia Maldonado ("Plaintiff"); complaining of AEP Texas, Inc. D/B/A AEP Texas, AEP and AEP Energy, Samuel Palacios a/k/a Sammy Palacios ("Defendants") and for cause of action would show the Court as follows:

### Discovery Plan and Amount in Controversy

1. Plaintiff intends discovery be conducted under Level 2 of the Texas Rules of Civil Procedure.

2. Pursuant to TRCP 47 Plaintiff is seeking monetary relief over the amount of $250,000.00 but less than a million dollars.

### Parties

3. Plaintiff Sylvia Maldonado is an individual residing in Brooks County, Texas. Plaintiff's last 3 digits of her driver license are 147. Plaintiff's last three numbers of her social security are 101.

4. Defendant AEP Texas, Inc. D/B/A AEP Texas, AEP and AEP Energy is a foreign corporation doing business in the State of Texas. Service may be completed by serving the registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

1

5. Defendant Samuel Palacios a/k/a Sammy Palacios is an individual residing in Falfurrias, Texas. Service may be completed by serving him at: 245 FM 1538, Falfurrias, TX 78355.

## Venue/Jurisdiction

6. Venue is proper in Brooks County, Texas, pursuant to Section 15.002(a) (1) of the Texas Civil Practice and remedies code in that Brooks County is the county where the events giving rise to this claim occurred. The amount herein exceeds the minimum jurisdictional limits of this court. The subject matter in controversy is within the jurisdictional limits of this court.

## Facts

7. On or about May 29, 2020 Plaintiff was an invitee of AEP Texas, Inc. D/B/A AEP Texas, AEP and AEP Energy located at US 281 & FM 1418, Falfurrias, Texas 78355; this facility was managed and controlled by defendant Samuel Palacios a/k/a Sammy Palacios. The plaintiff was preparing to leave work for the day when she saw some water on the floor. She stepped around the water, but as she was stepping around the water, she tripped on a carpet that was rolled up nearby. When plaintiff fell, she struck her head, requiring stitches to close the gash above her right eye. She also sustained a black eye in additional to suffering pain in her neck, back, shoulder and head. Afterwards defendants' employee informed plaintiff the carpet was a hazardous condition, and defendants were aware of the hazard created by the rolled up carpet; and the rolled up carpet should have been moved prior to plaintiff suffering injury. Due to Defendant's negligence, plaintiff suffered grievous injury.

## PREMISES LIABILITY

8. At all relevant times and specifically at the moment the accident occurred, Plaintiff was defendants' invitee. There is a duty for Texas property owners to maintain a safe location for the benefit of any contractors, subcontractors, independent workers, employees and invitees. Plaintiff, defendants invitee was not provided a warning of water on the floor or even a warning of the carpet

rolled up on the floor. Defendants had knowledge of the dangerous conditions the water posed and the dangerous condition the rolled up rug posed. At all times, the Defendants retained control over the premises and Defendants complete failures caused these severe injuries to Plaintiff. Defendants breaches of duties, singularly or in combination, proximately caused Plaintiff's severe personal injuries and damages.

9. The incident described above, and the resulting injuries and damages suffered by Plaintiff, were proximately caused by the negligent conduct of Defendant(s), their agents, servants, and employees who knew, or by using ordinary care should have known, of the defective, dangerous and/or hazardous conditions set forth above, and they created such foreseeable conditions. Defendant(s) failed to use ordinary care to protect Plaintiff from the dangerous and unsafe conditions in one or more of the following respects, and were therefore negligent:

   a. Defendant(s) violated a duty of care to Plaintiff when they allowed Plaintiff, to use their premises with an unsafe hazardous condition. Defendant(s) also violated a duty of care to Plaintiff when they failed to inform Plaintiff, that their premises were defective. This breach of duties caused Plaintiff grievous harm.

   b. Failure to move a rolled carpet rug from a doorway where it was set as a trip hazard,

   c. Failure to properly or adequately inspect, monitor, control, and maintain the premises.

   d. Failure to ensure there were no hazards on the premises including careful inspection of the entrance and parking area to insure safety of invitees;

   e. Failure to use ordinary care in maintaining the parking and entrance area. Defendant(s) created and allowed this unsafe condition of its premises, and it

was not a natural condition for a reasonable invitee to foresee. As a direct result of Defendant' negligence and the above-described dangers and hazardous conditions, Plaintiff suffered injury when she stumbled over the rolled carpet/rug in the doorway that was set as a trip hazard that clearly should have been removed and was not.

## RES IPSA LOQUITOR

10. In this case the character of plaintiff's injury is such that it would not have occurred without negligence, and the instrumentality that caused the injury, the water puddle on the floor and the rolled up carpet which was under defendants' sole management and control. Therefore, "the thing speaks for itself," meaning the circumstances surrounding the accident serve as evidence of the defendants' negligence.

## Dangerous Conduct Representing
## STATUTORY GROSS NEGLIGENCE AND PUNITIVE DAMAGES

11. Plaintiff would further show that the dangerous condition created by the defendant as set forth above constitutes an entire want of care as to indicate that such acts and/or omissions were the result of conscious indifference to the rights, safety and welfare of others, including Plaintiff, and thus amount to gross negligence as that term is defined by the laws of the State of Texas. As such, the jury should consider assessing punitive or exemplary damages. The acts and/or omissions of the Defendants, when viewed objectively from their standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, the Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff. Thus, the Defendants is liable for gross neglect and exemplary damages.

## Plaintiff's Damages

12. As a direct and proximate cause of and by the negligence of the Defendant(s), Plaintiff seeks and is entitled to the following damages for his personal injuries:

   a. physical pain and mental anguish in the past and future;

   b. physical impairment in the past and future;

   c. medical care in the past and the future;

    d.    Exemplary Damages; and

    e.    all other damages allowed by law and equity.

### Pre-Judgment and Post-Judgment Interest

13.    Plaintiff seeks pre- and post-judgment interest at the highest rate allowed by law.

### Jury Trial

14.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a trial by jury. Plaintiff has tendered the appropriate jury fee.

### Rule 193.7 Notice

15.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff here gives actual notice that any and all documents produced by any party will be used at any pre-trial proceeding and/or at the trial of this matter.

### Reservation of Rights to Amend

16.    Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend his petition to add additional counts upon further discovery and as her investigation continues.

### Conditions Precedent

17.    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff rights to recover herein and to Defendant liability have been performed or have occurred.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, prays that Defendants be cited to appear and answer, that this cause be set for trial before a jury, and that Plaintiff recover judgment of and from the Defendants for their actual damages & exemplary damages in such amount as the evidence shows and the jury determines to be proper together with pre-judgment interest, post-


judgment interest, costs of suit, and such other and further relief to which they may show himself to be justly entitled.

Respectfully submitted,

**JOSE E BARRERA, PC**

By: /s/ Jose E. Barrera

Jose E. Barrera
State Bar No. 24040476
records@jbarreralaw.com
www.JBarreralaw.com
1225 Agnes St. Suite B-8
Corpus Christi, Texas 78401
Telephone: (361) 221-1850
Facsimile. (361) 237-1707

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michelle McDaniel on behalf of Jose Barrera
Bar No. 24040476
michelle@jbarreralaw.com
Envelope ID: 64930003
Status as of 5/31/2022 9:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jose EBarrera | | josebarrera@jbarreralaw.com | 5/27/2022 12:44:55 PM | SENT |
| Michelle McDaniel | | michelle@jbarreralaw.com | 5/27/2022 12:44:55 PM | SENT |

STATE OF TEXAS
COUNTY OF BROOKS

I/Lesvia Gonzales, District Clerk of Brooks County, Texas do hereby certify that the foregoing is a true and correct copy of the original record now in my lawful custody and possession, filed on: _____
as appears of record in my office.
WITNESS my official hand and seal of office this _____

Lesvia Gonzales, District Clerk
Brooks County, Texas
By: _____ Deputy

Electronically Filed
7/11/2022 8:59 AM
Lesvia Gonzales, District Clerk
Brooks County, Texas
Reviewed By: Lesvia Gonzales

CAUSE NO. 22-05-18725 CV

| | | |
|---|---|---|
| SYLVIA MALDONADO | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | 79TH JUDICIAL DISTRICT |
| AEP TEXAS INC. D/B/A AEP TEXAS, | § | |
| AEP AND AEP ENERGY, & | § | |
| SAMUEL PALACIOS A/K/A SAMMY | § | |
| PALACIOS | § | BROOKS COUNTY, TEXAS |

## Defendant AEP Texas Inc. and Samuel Palacios' Original Answer

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, AEP Texas Inc. ("AEP Texas") (improperly referred to as "AEP Texas," "AEP," and "AEP Energy") and Samuel Palacios ("Palacios") in the above-styled and numbered cause of action and makes and files this their Original Answer, and for such would respectfully show unto the Court the following:

### I.
### GENERAL DENIAL

1.   AEP Texas and Palacios generally deny the allegations contained in the Plaintiff's Original Petition, each and every, all and singular, general and specific, and upon this denial, demand a strict trial of the issues before the Court and to the jury.

### II.
### AFFIRMATIVE DEFENSES

2.   AEP Texas and Palacios state that the Plaintiff's claims are limited to a premises liability cause of action and further, would show that they had no actual knowledge of any alleged dangerous condition at the date and time of the occurrence.

3.   Answering further, should such be necessary and by way of affirmative defense, Defendants state that they had no duty to the Plaintiff because any premises condition was open and obvious.

4. Answering further herein, should such be necessary and by way of affirmative defense, Defendants AEP Texas and Palacios, state that the incident and all of the damages complained of by the Plaintiff, and claimed in this cause of action were the result of one or more acts or omissions of negligence committed by the Plaintiff.

5. Further answering, if same may be necessary, and without waiving any of the matters hereinabove alleged, AEP Texas and Palacios would show by way of affirmative defense that, pursuant to §18.091 of the Texas Civil Practice & Remedies Code, to the extent that Plaintiffs seek recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, AEP Texas and Palacios would show that Plaintiff must present evidence to prove the loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

6. Further answering, if the same be necessary, and without waiving any of the matters hereinabove alleged, AEP Texas and Palacios would show by way of affirmative defense that Plaintiff has failed to mitigate her damages, thereby barring or reducing any recovery.

7. Answering further herein, should such be necessary and by way of affirmative defense, Plaintiff's original complaint fails to state a claim upon which relief may be granted.

8. Pursuant to the statutory limitations of liability found in Texas Civil Practice and Remedies Code Chapter 95, Defendants assert that AEP is not liable for the incident or any of the damages complained of by the Plaintiff and claimed in this cause of action. Defendant AEP Texas was the owner of the premises where the Plaintiff was working, and AEP Texas contracted with DNR Janitorial Services of South Texas LLC, ("DNR"), an independent contractor, to perform the janitorial work which Plaintiff had been performing as an employee of DNR. AEP Texas did not exercise control over the manner in which the work was performed and did not have actual knowledge of any danger or condition which resulted in the injuries to the Plaintiff, a DNR employee.

## III.
## VERIFIED DENIAL

9. Answering further herein, should such be necessary and by way of affirmative defense, Defendants assert that Defendant Samuel Palacios is not liable in the capacity in which he has been sued because he is and was an employee of Defendant AEP Texas at the time of the incident at issue in Plaintiff's petition.

## IV.
## NOTICE OF INTENT TO USE DISCOVERY

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants hereby give actual notice to the parties herein that any and all documents produced by the parties may be used against them at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

WHEREFORE, PREMISES CONSIDERED, Defendants, AEP Texas and Palacios, pray that Plaintiff take nothing by her cause of action as against AEP Texas and Palacios and that AEP Texas and Palacios go hence with costs and without day.

Respectfully submitted,

SCHAUER & SIMANK, P.C.
615 N. Upper Broadway, Suite 700
Corpus Christi, Texas 78401-0781
Ph    : 361.884.2800
Fax   : 361.884.2822
Email : dschauer@cctxlaw.com

By:  */s/ G. Don Schauer*
     G. Don Schauer
     State Bar No. 17733298

**ATTORNEYS FOR DEFENDANTS
AEP TEXAS INC. AND SAMUEL PALACIOS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following counsel of record on this the 11th day of July, 2022:

**_VIA E-FILE AND EMAIL:_**
Jose E. Barrera
JOSE E. BARRERA, PC
1225 Agnes St., Suite B-8
Corpus Christi, Texas 78401
josebarrera@jbarreralaw.com

                                                      _/s/ G. Don Schauer_
                                                      G. Don Schauer

## VERIFICATION

STATE OF TEXAS           §
                         §
COUNTY OF DALLAS         §

Before me, the undersigned notary, on this day personally appeared Robert Lesesne, authorized representative of AEP Texas Inc., and after being duly sworn stated under oath, that AEP Texas Inc. and Samuel Palacios are defendants in this cause, and that on behalf of AEP Texas Inc. he has read the attached Answer, and that every statement contained in paragraph 9 is within his personal knowledge as an authorized representative of AEP Texas Inc. and is true and correct.

By: _____
ROBERT LESESNE

SWORN AND SUBSCRIBED on this the 1st day of July, 2022.

_____
Notary Public, State of Texas

NICHOLAS P. FOLIGNO
Notary Public, State of Texas
Comm. Expires 08-23-2026
Notary ID 126243992

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Maxine Howard on behalf of G Schauer
Bar No. 17733298
mgentry@cctxlaw.com
Envelope ID: 66174361
Status as of 7/11/2022 12:10 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jose EBarrera | | josebarrera@jbarreralaw.com | 7/11/2022 8:59:03 AM | SENT |
| Michelle McDaniel | | michelle@jbarreralaw.com | 7/11/2022 8:59:03 AM | SENT |
| D. Schauer | | dschauer@cctxlaw.com | 7/11/2022 8:59:03 AM | SENT |
| Maxine Howard | | mgentry@cctxlaw.com | 7/11/2022 8:59:03 AM | SENT |